[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14704
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20169-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN LAZARO HERNANDEZ,
a.k.a. Paisa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Damian Lazaro Hernandez appeals his 46-month total sentence imposed for

conspiracy to possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3). On appeal, Hernandez argues that his total sentence was unreasonable in light of the district court's failure to sentence him based on a "1-to-1" crack-to-powder cocaine ratio.

We review a final sentence imposed by a district court for reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008). The Supreme Court has clarified that reviewing a sentence for reasonableness is review for abuse of discretion.[1] *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *Williams*, 526 F.3d at 1322. Upon thorough review of the parties' briefs and the record, we conclude that the district court did not abuse its discretion in choosing not to apply a "1-to-1" crack-to-powder cocaine ratio and that Hernandez has not satisfied his burden to show that his sentence was procedurally or substantively unreasonable.[2]

---

[1]      We reject the government's argument that we should review Hernandez's claim on appeal for plain error due to a failure to object to the court's reasons for not applying a "1-to-1" crack-to-powder cocaine ratio. Whether the district court erred in not applying the "1-to-1" ratio is a challenge to the reasonableness of his sentence, to which an abuse of discretion standard applies.

[2]      Hernandez mischaracterizes his sentence by asserting that it was based on a "100-to-1" crack-to-powder cocaine ratio. In calculating Hernandez's sentence, the district court applied the

A sentence is procedurally unreasonable if the district court failed to

calculate or incorrectly calculated the Guidelines, treated the Guidelines as

mandatory, failed to consider the § 3553(a) factors,[3] selected a sentence based on

clearly erroneous facts, or failed to adequately explain the chosen sentence. *Gall*,

552 U.S. at 51, 128 S. Ct. at 597.  The district court erred in none of these respects.

To the contrary, it is undisputed that the court correctly calculated the Guidelines,

giving Hernandez a two-point safety-valve reduction under U.S.S.G. § 2D1.1(b)

and § 5C1.2(a) and a three-point acceptance-of-responsibility reduction under §

3E1.1(a).  The court also expressly stated that it had considered the arguments of

the parties, the PSI, the advisory nature of the Guidelines, and the § 3553(a) factors

in calculating Hernandez's sentence.  The court particularly emphasized the

seriousness of the offense, the centrality of Hernandez's participation in the drug

---

post-Amendment 706 version of the Guidelines, which is based on crack-to-powder cocaine ratios less than 100-to-1.  *See* U.S.S.G. § 2D1.1(c).

[3]      The factors in § 3553(a) that the sentencing court must consider are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

conspiracy, and that his offense preyed upon drug-addicted victims in its consideration of the § 3553(a) factors. A district court need not explicitly discuss its consideration of each of the § 3553(a) factors on the record, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

Moreover, the court's discussion of *Kimbrough* shows that it did not treat the Guidelines as mandatory. *See Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007) (addressing the Sentencing Guidelines "100-to-1" crack-to-powder cocaine ratio). The court properly noted Hernandez's argument that he should be sentenced under a "1-to-1" crack-to-powder cocaine ratio, but concluded that to do so would result in insufficient punishment in light of the nature of the drug conspiracy and its impact on its victims. Although the Supreme Court held in *Kimbrough* that a sentencing court has discretion to consider the crack and powder cocaine disparity, it did not require courts to adopt a lower guideline sentencing range in crack cocaine cases. *Id.* at 110, 128 S. Ct. at 575 ("[I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary'

4

to achieve § 3553(a)'s purposes, even in a mine-run case."). Finally, the district court did not base the sentence on clearly erroneous facts because its findings regarding Hernandez's involvement in additional uncharged offense conduct and the drug-addicted nature of his victims came directly from undisputed portions of the PSI. We thus hold that Hernandez's sentence was not procedurally unreasonable.

Once we conclude that the district court made no procedural errors, we then consider "the substantive reasonableness of the sentence" under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence is substantively unreasonable if it does not achieve the purposes of sentencing set forth in § 3553(a). *Pugh*, 515 F.3d at 1191. A district court's "unjustified reliance" on a single § 3553(a) factor "may be a symptom of an unreasonable sentence." *Id.* Nevertheless, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1323 (quotation omitted).

Contrary to Hernandez's assertion on appeal, the district court explicitly balanced his request for mitigation based on the crack-powder cocaine disparity against the § 3553(a) factors, including the need to promote adequate deterrence and the need for the punishment to reflect the seriousness of the offense. The

court's consideration of these factors demonstrates that Hernandez's sentence is sufficient but no greater than necessary to fulfill the statutory purposes of sentencing. Moreover, the record reflects that the court gave due consideration to mitigating factors, including the disparity between crack and powder cocaine sentences, because Hernandez's 46-month total sentence falls far below the statutory maximum of 480 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). In sum, we conclude that Hernandez's 46-month total sentence was substantively reasonable.

Accordingly, we affirm Hernandez's 46-month total sentence and hold that the district court did not abuse its discretion in declining to apply a "1-to-1" crack-to-powder cocaine ratio to its sentencing calculation.

**AFFIRMED.**